Terry W. HOCKENBERRY, Administrator of the Estate of Terry W. Hockenberry, Jr. Plaintiff,

v.

THE VILLAGE OF CARROLLTON, et al., Defendants.

No. 5:00–CV–127.

United States District Court,
N.D. Ohio,
Eastern Division.

Aug. 3, 2000.

Alec Berezin, Dworken & Berstein, Painesville, Gordon S. Friedman, Friedman & Gilbert, Cleveland, OH, for Terry W. Hockenberry, Administrator of the Estate of Terry W. Hockenberry, Jr., Plaintiff.

Cari F. Evans, Pelini & Fischer, North Canton, Donald R. Burns, Carrollton, OH, John T. McLandrich, Mazanec, Raskin & Ryder, Cleveland, OH, Mark F. Fischer, Pelini & Fischer, North Canton, OH, Paul J. Cristallo, Mazanec, Raskin & Ryder Co., LPA, Solon, OH, for Carrollton, Village of, Michael S. Middleton, Various Unknown Officers, Defendants.

## ORDER

GWIN, District Judge.

On July 10, 2000, Defendants Village of Carrollton and Officer Michael Middleton filed a motion seeking summary judgment on the federal and state claims asserted against them by Plaintiff Terry W. Hockenberry [Doc. 33]. For the reasons set forth below, the Court grants in part and denies in part the defendants' motion.

### I. Background

The present dispute arises from a fatal automobile collision. In November 1998, Terry Hockenberry, Jr., was killed after his vehicle collided with a utility pole just outside the Village of Carrollton, Ohio. Representing the decedent's estate, Plaintiff Terry Hockenberry, Sr., alleges that this collision resulted from the unlawful conduct of Defendant Officer Michael Middleton and Defendant Village of Carrollton. Both defendants deny liability for the collision.

The collision followed a pursuit initiated by Officer Middleton while on patrol for the Village of Carrollton Police Department. Shortly after midnight on November 17, 1998, Middleton observed the decedent's vehicle traveling well in excess of the posted speed limit.[1] Middleton then began pursuing the vehicle. The pursuit continued beyond Village limits, but abruptly ended when the decedent's vehicle left the roadway and collided with a utility pole. The decedent was thrown from the vehicle, suffering fatal injuries.

The parties dispute the specific nature of this pursuit. Middleton testifies that he did not aggressively pursue the decedent's vehicle. Rather, Middleton insists that he followed the vehicle at only a moderate speed and stopped at stop signs during the pursuit. He says he lost sight of the vehicle several times, and did not actually witness the collision.

Plaintiff Hockenberry offers a much different account of the pursuit. Relying on the results of a crash reconstruction, the plaintiff alleges that Officer Middleton pursued the decedent's vehicle at a high rate of speed, collided with the vehicle on at least on occasion, and forced the vehicle off the road and into the utility pole.

The plaintiff brings suit under both federal and state law. The plaintiff's sole federal claim arises under 42 U.S.C. § 1983. This claim includes two general theories of liability.

First, the plaintiff contends that Officer Middleton's pursuit violated his son's Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution. He also attributes liability for these constitutional violations to the Village of Carrollton, based on its allegedly inadequate officer training.

Second, the plaintiff says Officer Middleton and the Village conspired to deprive his son's estate and next of kin their right

1. Officer Middleton says he recorded the decedent's speed at 43 miles per hour. The posted speed limit was 25 miles per hour.

to seek redress for the defendants' allegedly unlawful conduct. This conduct, the plaintiff argues, violates the First Amendment's guarantee of a right of access to the courts.

Beyond his federal claim, the plaintiff asserts state-law claims for wrongful death, assault and battery, and intentional infliction of emotional distress.

The defendants now seek summary judgment on each of the plaintiff's claims. The Court considers the defendants' motion for summary judgment below.

## II. Summary Judgment Standard

A court may grant summary judgment only if the materials properly before the court "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party has the burden of showing conclusively that no genuine issue of material fact exists. See 60 Ivy Street Corp. v. Alexander, 822 F.2d 1432, 1435 (6th Cir.1987). In deciding whether the moving party has met this burden, a court must view the facts and all inferences drawn therefrom in the light most favorable to the nonmoving party. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

A factual dispute precludes summary judgment only if it is material, that is, if it relates to a matter essential to adjudication. The dispute must concern facts that, under the substantive law governing the issue, might affect the outcome of the suit. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The factual dispute must also be genuine. The facts must be such that if they were proven at trial a reasonable jury could return a verdict for the nonmoving party. See id. at 248, 106 S.Ct. 2505. The disputed issue does not have to be resolved conclusively in favor of the nonmoving party, but that party is required to present significant probative evidence that makes

it necessary to resolve the parties' differing versions of the dispute at trial. See 60 Ivy Street, 822 F.2d at 1435 (citing First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Thus, the judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue a proper jury question. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." 60 Ivy Street, 822 F.2d at 1436 (quoting Anderson, 477 U.S. at 249, 106 S.Ct. 2505). Accordingly, viewing the evidence in the light most favorable to the nonmoving party, the court should determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251, 106 S.Ct. 2505.

### III. Analysis

#### A. 42 U.S.C. § 1983

Plaintiff Hockenberry makes claim under 42 U.S.C. § 1983. Section 1983 imposes liability on a defendant who, while acting under color of state law, deprives another ". . . of any rights, privileges, or immunities secured by the Constitution. . . ." According to the plaintiff, Defendant Middleton and Defendant Village of Carrollton have committed violations of the First, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments of the Constitution.

#### 1. Fourth Amendment

The Fourth Amendment preserves the right of citizens to be free from unreasonable seizures. Here, the plaintiff says Defendant Middleton acted unreasonably in

seizing his deceased son. He further claims that Defendant Village of Carrollton is liable for Officer Middleton's conduct by inadequately training its police officers.

### a. Officer Middleton -- Unreasonable Seizure

■ To establish an unreasonable seizure, a plaintiff must show (1) that a seizure actually occurred and (2) that the seizure was unreasonable under the circumstances. In seeking summary judgment, Defendant Middleton argues that the plaintiff has not offered evidence sufficient to satisfy the first element of a Fourth Amendment claim.

Specifically, Defendant Middleton says that he merely pursued the plaintiff's son for a speeding violation. The defendants insist that such a pursuit, even when performed at high speed, is not a "seizure" for purposes of the Fourth Amendment.

The Court is not persuaded. The defendants correctly note that a high-speed chase, without more, is not a seizure. However, the defendants ignore the evidence suggesting that Officer Middleton did more than simply pursue the decedent.

The crash reconstruction report offered by the plaintiff details evidence suggesting that Officer Middleton's patrol car collided with the decedent's vehicle. In particular, the report sets forth the analysis of certain paint markings on the decedent's vehicle and Officer Middleton's patrol car. These paint transfers, along with undercarriage damage to the decedent's vehicle, lend support to the report's conclusion that Officer Middleton's vehicle hit the decedent's vehicle during the pursuit.

An officer effects a seizure when he forces a suspect to stop by colliding with the suspect's vehicle. *See Brower v. County of Inyo*, 489 U.S. 593, 597, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989) ("If, instead of [pursuing a suspect with flashing lights], the police cruiser had pulled alongside the fleeing car and sideswiped it, producing the crash, then the termination of the suspect's freedom of movement would have

been a seizure."). The plaintiff has offered evidence showing that Office Middleton's vehicle collided with the decedent's vehicle. A reasonable jury could infer from this evidence that Officer Middleton used his vehicle to seize the decedent.

■ Of course, even if the jury concludes that Officer Middleton used his patrol car to stop the decedent's vehicle, a Fourth Amendment violation will arise only if the seizure was unreasonable. An application of force to effect a seizure must be "objectively reasonable" under the circumstances. *Graham v. Connor*, 490 U.S. 386, 396-97, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The test for objective reasonableness "is not capable of precise definition or mechanical application...." *Id.* Thus, determining whether an officer acted reasonably in applying force "requires careful attention to the facts and circumstances of each particular case...." *Id.*

Here, a reasonable jury may conclude that Officer Middleton's alleged seizure was unreasonable. Officer Middleton pursued the decedent simply to make a traffic stop. The decedent was not suspected of any serious criminal wrongdoing. Under such circumstances, the jury may very well conclude that Officer Middleton used excessive force in colliding with the decedent's vehicle. *See Hawkins v. City of Farmington*, 189 F.3d 695, 702 (8th Cir. 1999) (finding that jury could conclude officer acted unreasonably in colliding with speeding motorcycle).

Thus, the Court finds that Defendant Middleton is not entitled to summary judgment on the plaintiff's Fourth Amendment claim under § 1983.

### b. Municipal Liability -- Inadequate Training

■ To establish municipal liability for an employee's unconstitutional acts, a plaintiff must do more than simply show the employee committed the constitutional violation within the scope of his government employment. A municipality cannot be held liable under § 1983 on a theory of

respondeat superior. See *City of Canton v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). Rather, a plaintiff must show that the municipality's own policies or customs proximately caused the constitutional violation.

Plaintiff Hockenberry insists that Defendant Village of Carrollton played an integral role in his deceased son's alleged constitutional deprivation. According to the plaintiff, the Village has maintained a policy of inadequately training its police officers. The plaintiff insists that this inadequate training directly contributed to Defendant Middleton's alleged unconstitutional conduct.

■ Municipal liability based on inadequate training arises only when "the failure to train amounts to deliberate indifference to the rights of the persons with whom the police come in contact." *Harris*, 489 U.S. at 388, 109 S.Ct. 1197. This occurs when "the need for more or different training is so obvious, and the inadequacy so likely to result in a violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Id.* at 390, 109 S.Ct. 1197.

■ The Village insists that the plaintiff has failed to offer evidence sufficient to show that the Village acted with deliberate indifference. The Court disagrees.

The plaintiff offers evidence suggesting that the Village provides relatively little training regarding the policies and procedures associated with pursuing a suspect. In particular, Officer Middleton testified that he received only one training course regarding the Village of Carrollton Police Department's policies and procedures. Officer Middleton also noted that he had not been tested on these procedures. Chief Ronald Yeager's deposition testimony substantiates Officer Middleton's account of the Village's training program.

In light of this evidence, the plaintiff has met his burden of showing a genuine issue of material fact with regard to the Village's

liability. Accordingly, the Court finds that the Village is not entitled to summary judgment on the plaintiff's Fourth Amendment claim under § 1983.

2. Fourteenth Amendment

■ The Due Process Clause of the Fourteenth Amendment prohibits state actors from subjecting citizens to arbitrary government action. See *Wolff v. McDonnell*, 418 U.S. 539, 558, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). A due process violation results when a state actor engages in arbitrary conduct so egregious that it "shocks the conscience." *Rochin v. California*, 342 U.S. 165, 172, 72 S.Ct. 205, 96 L.Ed. 183 (1952).

Plaintiff Hockenberry brings a due process claim against Defendant Middleton. The plaintiff alleges that Office Middleton's pursuit of and collision with the plaintiff's deceased son "shocks the conscience."

■ In the context of a police pursuit, "only a purpose to cause harm unrelated to the legitimate object of arrest will satisfy the shocks-the-conscience test." *County of Sacramento v. Lewis*, 523 U.S. 833, 835, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). Defendant Middleton contends that the plaintiff has failed to offer evidence sufficient to make this showing. The Court agrees.

The plaintiff has not offered any admissible evidence from which the jury could conclude Officer Middleton acted with malice in pursuing the plaintiff's son. While the plaintiff claims that Officer Middleton had a vendetta against his son, the testimony used to support this contention is hearsay.

Specifically, the plaintiff offers his own deposition testimony in which he recounts statements his son made to him regarding various encounters with Officer Middleton. Offered for their truth, these out-of-court statements are hearsay. Hearsay, of course, is inadmissible unless subject to an exception. Finding no applicable exception, the Court will not consider the statements

in ruling on the defendants' summary judgment motion.

In the absence of any admissible evidence suggesting Office Middleton acted with malice, the Court finds that the defendants are entitled to summary judgment on the plaintiff's due process claim under § 1983.

### 3. First Amendment

The First Amendment guarantees each citizen the right "to petition the Government for a redress of grievances." Plaintiff Hockenberry contends that the defendants violated the First Amendment by conspiring to cover up their wrongdoing.

 To prevail on a conspiracy claim under § 1983, a plaintiff must show that the defendants acted in concert and that some overt act was done in furtherance of the conspiracy that resulted in the deprivation of a constitutional right. *See Hafner v. Brown,* 983 F.2d 570, 577 (4th Cir.1992); *Hooks v. Hooks,* 771 F.2d 935, 943–44 (6th Cir.1985) (noting that civil conspiracy involves existence of a single plan between two or more persons who share a common objective that is furthered by the commission of an overt act that caused injury to the complaining party). The defendants argue that the plaintiff has failed to offer evidence sufficient to make such a showing. The Court agrees.

The plaintiff bases his conspiracy claim solely on the dual role he says Donald Burns, a solicitor for the Village of Carrollton, played in the events surrounding the pursuit. According to the plaintiff, Officer Middleton consulted with Burns prior to giving his statement concerning the pursuit to the Ohio State Highway Patrol. Burns later presented evidence to the grand jury charged with deciding whether Officer Middleton should be indicted for his conduct in pursuing the plaintiff's son. The grand jury did not indict Officer Middleton.

The plaintiff insists that this evidence would allow a reasonable jury to conclude the defendants conspired to cover up their

alleged wrongdoing. The Court is not persuaded. The plaintiff has offered nothing more than an unfounded allegation of a conspiracy. There is simply no reasonable basis for inferring that Burns and Middleton shared the common objective of covering up material facts regarding the pursuit.

As a result, the Court grants summary judgment to the defendants on the plaintiff's First Amendment claim under § 1983.

### 4. Fifth Amendment

The Fifth Amendment prohibits the federal government from violating citizens' due process rights. Plaintiff Hockenberry insists that the defendants violated his deceased son's due process rights under the Fifth Amendment.

 However, as noted, the Fifth Amendment only restrains acts by the federal government. Neither defendant acts on behalf of the federal government. As a result, the defendants cannot incur liability under the Fifth Amendment.

For this reason, the Court grants summary judgment to the defendants on the plaintiff's Fifth Amendment claim under § 1983.

### 5. Eighth Amendment

The Eighth Amendment prohibits cruel and unusual punishment. Plaintiff Hockenberry says the defendants violated this prohibition by causing his son's death in a high-speed pursuit based on a routine traffic violation.

 The United States Supreme Court has made clear that only those convicted of crimes can bring claims under the Eighth Amendment. *See Bell v. Wolfish,* 441 U.S. 520, 535, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *Ingraham v. Wright,* 430 U.S. 651, 664, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977); *Roberts v. City of Troy,* 773 F.2d 720, 722-23 (6th Cir.1985). The plaintiff's son was not convicted of any crime related to the incident leading to his death. Thus, the

plaintiff does not have a cognizable Eighth Amendment claim.

The Court therefore grants summary judgment to the defendants on the plaintiff's Eighth Amendment claim under § 1983.

### 6. Ninth Amendment

The Ninth Amendment provides that "the enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." Plaintiff Hockenberry insists that the defendants violated his son's rights under the Ninth Amendment.

■ The text of the Ninth Amendment does not specifically create any particular constitutional right. Rather, the Ninth Amendment was adopted to ensure that the explicit enumeration of rights in the Constitution did not implicitly deny the existence of unenumerated fundamental rights. With this understanding of the Amendment's purpose, the United States Court of Appeals for the Sixth Circuit has held that the Ninth Amendment "does not confer substantive rights in addition to those conferred by other portions of our governing law." *Gibson v. Matthews*, 926 F.2d 532, 537 (6th Cir.1991).

Because the Ninth Amendment does not provide the plaintiff's son with any particular constitutional right, the plaintiff cannot bring a Ninth Amendment claim against the defendants. The Court therefore grants summary judgment to the defendants on the plaintiff's Ninth Amendment claim under § 1983.

### B. Wrongful Death

■ Next, Plaintiff Hockenberry asserts a state-law wrongful death claim against Defendant Middleton and Defendant Village of Carrollton. Both defendants say they are immune from this claim. The Court disagrees.

Under Ohio law, both Officer Middleton and the Village are generally immune from civil liability arising from governmental or proprietary functions. *See* OHIO REV. CODE 2744.03(A). However, this immunity has exceptions. Specifically, the plaintiff can recover from the defendants if he can show that Officer Middleton acted "with malicious purpose, in bad faith, or in a wanton or reckless manner...." *See* OHIO REV. CODE § 2744.03(A)(6)(b).

The plaintiff has offered evidence suggesting that Officer Middleton aggressively pursued and collided with the plaintiff's son solely to make a routine traffic stop. A reasonable jury may conclude that Officer Middleton's acted recklessly by engaging in such a pursuit.

Thus, the Court denies defendants' motion for summary judgment on the plaintiff's wrongful death claim.

### C. Assault and Battery

■ Plaintiff Hockenberry also brings claims for assault and battery against Defendant Middleton and Defendant Village of Carrollton. The defendants say these claims are time barred. The Court agrees.

Ohio law sets a one-year statute of limitations for assault and battery claims. *See* OHIO REV. CODE 2305.111. Here, the alleged assault and battery occurred on November 17, 1998. The plaintiff filed his assault and battery claims on January 14, 2000. Because the plaintiff failed to file suit within one year of the alleged assault and battery, the claims are time barred.

For this reason, the Court grants the defendants' motion for summary judgment on the plaintiff's assault and battery claims.

### D. Intentional Infliction of Emotional Distress

■ Finally, Plaintiff Hockenberry asserts a claim for intentional infliction of emotional distress. According to the plaintiff, the defendants' actions have caused him and his family to suffer serious emotional distress. The defendants contend that the plaintiff has not offered evidence showing that he or his family has suffered serious emotional distress. The Court agrees.

A claim for intentional infliction of emotional distress arises against one "who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another...." *Yeager v. Local Union 20,* 6 Ohio St.3d 369, 374, 453 N.E.2d 666 (1983). Thus, to prevail on such a claim, a plaintiff must offer evidence showing "serious emotional distress" resulting from the defendant's conduct.

Here, the plaintiff has not pointed to any evidence suggesting that he or his family suffered the type of serious emotional distress necessary to sustain an action for intentional infliction of emotional distress. Indeed, the plaintiff does not address his intentional infliction of emotional distress claim in his motion opposing summary judgment.

Finding no evidence of serious emotional distress, the Court grants summary judgment to the defendants on the plaintiff's intentional infliction of emotional distress claim.

### IV. Conclusion

For the reasons set forth above, the Court grants in part and denies in part the defendants' motion for summary judgment. The Court grants summary judgment to the defendants on the plaintiff's 42 U.S.C. § 1983 claim to the extent it is based on violations of the First, Fifth, Eighth, Ninth, and Fourteenth Amendments. The Court also grants judgment to the defendants on the plaintiff's state-law claims for assault, battery, and intentional infliction of emotional distress. However, the Court denies the defendants' motion with regard to the plaintiff's § 1983 claim based on violations of the Fourth Amendment, as well as the plaintiff's state-law wrongful death claim.

IT IS SO ORDERED.